IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

JAMES ADAMS,#108239,  )
Plaintiff,            )
                      )
                      )
                      )
V.                    )
                      ) CASE ACTION-988-ID-2006 JAN -5  A 9: 34
                      )
ASSISTANT WARDEN CARTER )
DAVENPORT,ET,AL.,     )
Defendants,           )
                      )
                      )

RECEIVED

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

# MOTION IN OPPOSITION OF THE DEFENDANT'S SPECIAL REPORT

COMES Now, the Plaintiff, JAMES ADAMS #108239 by and through by and through himself Pro-se in the above stled cause and in accordance with this Honorable Court's December 13th, 2006 Order, offer the following Opposition to the defendants Special Report.

## PARTIES

(1.) The Plaintiff, JAMES ADAMS, is an inmate of the Alabama Prison system.

(2) Defendant Carter F. Davenport is employed by the ALABAMA D.O.C. as a Correctional Warden ll, and is assigned to the EASTERLING CORRECTIONAL FACILITY.

(3)Defendant LATRICE GREEN is employed by the ALABAMA D.O.C. as a Classification Supervisor and is assigned to EASTERLING Correctional facility.

(4) Defendant TYRONE BARROW IS EMPLOYED BY THE A.D.O.C. as a Classification Specialist, and is assigned to the EASTERLING CORRECTIONAL FACILITY.

EXHIBIT'S

**EXHIBIT 1 - AFFIDAVIT OF JAMES ADAMS**

EXHIBIT 2 - ELMORE COUNTY TRANSCRIPT
EXHIBIT 3 - ALABAMA DEPARTMENT CORR. PROGRESS REVIEW FORM
EXHIBIT 4 - LETTER FROM THE CLERK OF VOLUSIA COUNTY, FLORIDA

PLAINTIFF RESPONCE
_____

...The Plaintiff state that the Defendants in this case has violated the plaintiffs Constitutional Rights by placing false information of a false charge in Plaintiffs prison file, the Defendants did this knowingly and with malice and is not immune from suit under the ELEVENTH AMENDMENT........

ARGUMENT
****************

The plaintiff avers that he does not have a liberty interest in WORK RELEASE, but does have Classification dicisions based on factual information and not on false information.
See MONROE V. THIGPEN 932 f. 2d 1437 (11th Cir. 1991)

.....In the case at bar the Plaintiff avers that Defendant Classification Specialist TYRONE BARROW, did in fact knowingly and maliciously place the charge of ESCAPE on the Plaintiff's; ALABAMA DEPARTMENT OF CORRECTIONS PROGRESS REVIEW FORM. Classification Coordinator LATRICE GREEN and Asst. Warden CARTER DAVENPORT agreed with the false charge and actions of defendant Barrow.

(2)

continued......

The Plaintiff states that at the time of the plaintiff Annual Progress Review, Plaintiff met the criteria for Community Custody for placement in the A.D.O.C. work release program, However, due to defendant Barrow placing an Escape charge on plaintiff's progress review form, the pllaintiff became ineligible for the A.D.O.C. work release program.

.....The A.D.O.C. criteria for Work Release Placement states: "Inmates convicted of the following crimes, past or present, will never be eligble for Community Consideration:

H. Inmates convicted of a violent crime on escape, S.I.R., P.D.L., or work release;

J. (ESCAPE) or attempted escape with serious injury past or present:

The Plaintiff states that the ALABAMA DEPARTMENT OF CORRECTIONS CLASSIFICATION system contains no inherent Constitutional invalidity, but becomes Constitutionally offensive only if the regulation is administered maliously or in bad faith. See HENDKING V. SMITH 781 F. 2d 850, 852 11th CIR. 1986 Also see FRANCIS v. FOX 838 F. 2d 1147, 1149-50 11th CIR. 1988

The Plaintiff states that it was the act's of the defendants that caused the plaintiff to become ineligible for placement in the A.D.O.C. Work Release Program.

The Plaintiff avers that on or about Feb.,2004 to Jan. 20, 2005 he was incarcerated at a A.D.O.C. Work Release at Bullock Community Work Release, and on Jan. 20, 2005 he was Removed from this Work Release---

(3)

>>>>

--- "Due to a detainer in Elmore County, Ala. and transferred to a Medium Prison, Easterling Correctional Facility.

It was at Easterling that the defendants in this case treated the plaintiff arbitrarily and capriciously and knowingly and maliciously placed a false charge of escape on his A.D.O.C. Progress Review Form that would prevent him from returning back to the Work Release Program.

.....It is clear that the Plaintiff has stated a cause of action under §1983 for violation of Due Process of the Fourteenth Amendment...See Monroe v. Thigpen, 932 F.2d 1437 (11th Cir. 1991)

The Eleventh Circuit has held that prison officials have wide-ranging deference in the adoption and Execution of policies and practices that in their judgment are needed to preserve internal order and disipline, and to maintain institutional security...See Wilson, 163 F.3d at 1295 Bell v. Wolfish 441 U.S. 520,547,99 S.Ct.,1861,1878 (1979).

However, Our U.S. Supreme Court and the Ala. Supreme Court has stated in McCammon v. Youngblood 2002 Ala. Civ. App. lexis that a state agent shall not be immune from Civil liability in his or her personal capacity when:

(1) When the Constitution or laws of the UNITED STATES, or the Constitution of this State, or laws, Rules or Regulations of this State enactd or promulagated for the purpose of regulating the activities of a governmental agency require otherwise or;

(2) When the State agent acts willfully, maliciously, fraudulently in bad faith, beyond his or her Authority or under a mistaken interpretation of the law....

(4)

>>>>>

"It is clear that the Defendant willfully and maliciously acted in bad faith, and beyond State Law and the Rules and Regulations of the A.D.O.C. when they entered a false Charge on the plaintiff's Progress Review form."

..."Defendant Burrow, did place this False Information in the Plaintiff's File....."

Defendant's Green and Davenport approved such action of Barrow.."

.....It is Clear that the Plaintiff has met by proof that the defendants, Public Official's actions Violated clearly Established Law in the A.D.O.C. Rule and Regulations and Procedure and is not entitled to qualified immunity.....See Rich v. Dollar 841 F. 2d 1558-64 (11th Cir. 1988.)

## CONCLUSION

There is a genuine issue of material fact, and the plaintiff is Entitled to Relief sought, by Ordering the A.D.O.C. to expunge the "FALSE INFORMATION" from his prison file, be placed back in the A.D.O.C. Work Release Program and $50,000 against each defendant, and any other relief that this Court deem just and fair....

RESPECTFULLY SUBMITTED:

*James Adams*

James Adams #108239
1401 Hyw. 20 West
DECATUR, ALABAMA 35601

CERTIFICATE OF SERVICE

I hereby certify that I have, this 29 day of Dec. 2006. served a copy of the foregoing upon the defendants by placing same in the U.S. Mail, postage pre-paid and properly addressed as follows:

Address of Counsel

Hon. Troy King
Office of the Attorney General
11 South Union Street
MONGOMERY, ALABAMA
36130

Respectfully Submitted,

*JAMES ADAMS*
JAMES ADAMS # 108239

IN THE CIRCUIT COURT OF MORGAN
COUNTY, ALABAMA

JAMES ADAMS #108239 )
Plaintiff, )
)
v. )  CIVIL ACTION:
)  #06-988-ID-DRB
Assistant Warden Carter )
Davenport, ET,AL... )
Defendants )
)
)
)

RECEIVED
2007 JAN -5  A 9: 34
[...]A P. HACKETT, CL[..]
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

AFFIDAVIT
_____

Before me, the undersigned authority, a Notory Public In and for said County and State of Alabama at large personally appeared JAMES ADAMS #108239, who being known to me and deing by me first duly sworn, deposes and says under oath as follows:

My name is JAMES ADAMS # 108239, and I am a Alabama inmate incarcerated now at DECATUR COMMUNITY WORK CENTER in Decatur, Alabama, 1401 Hyw. 20 West 35601 and I am over the age of twenty-one (21) years of age.

.....On or about Feb. 2004 the Plaintiff was incarcerated at BULLOCK Community Work Release, and on Jan. 20, 2005 the plaintiff was removed from this work release due to a Detainer Warrant being issued out of Elmore County Ala. for the crime of Second Degree Poss. of a forged Instrument, and was transferred to Easterling Corr. Facility at 200 Wallace Dr. Clio, Ala, 36017.

On 4-28-2005, the Plaintiff entered a plea of guilty to the charge that was pending in Elmore County,Ala. and was sentenced by a Circuit Judge in Elmore County to 10years and said sentence was suspended and placed on probation, but the probation would start after the Defendant is to serve 24months in the A.D.O.C. and that defendant was granted the right to have Work Release. See EXHIBIT 1.

.....On 2-23-06 the Plaintiff received his Annual Review at EASTERLING CORR. FACILITY, Classification Specialist TYRONE BARROW, Classification Coordinator LATRICE GREEN and Ass. Warden CARTER DAVENPORT and the Plaintiff was present.

It was during this review that Classification spec. TYRONE BARROW refused to put the plaintiff back in for work release or community custody, citing: An Escape in VOLUSIA COUNTY, FLORIDA tha never happend, that he placed and wrote on the plaintiff's Annual Review that was approved by Classification Coordinator LATRICE GREEN and Ass. Warden CARTER DAVENPORT See Exhibit 2

The Plaintiff states that he never was charged for the crime of ESCAPE in VOLUSIA County, FLORIDA as a matter of fact the clerk of the SEVENTH JUDICIAL CIRCUIT of VOLUSIA County, FLORIDA sent a letter stating that no misdemeanor or felonys for the yearss of 1982 to disclose no case against the plaintiff. See EXHIBIT 3.

The Plaintiff states that MR. BARROW did place this ESCAPE on my progress review form knowing that this was false and GREEN and GREEN and DAVENPORT who was at this review approved such false information knowing that the ESCAPE was false information and based on their acts, the Plaintiff has false information in his record and based on that false information the plaintiff is not being able to participate in the A.D.O.C. work release.

JAMES ADAMS #108239

*James Adams*

SWORN TO AND SUBSCRIBED TO BEFORE ME THIS THE 29 DAY OF December 2006.

MY COMMISION EXPIRES:

*My Commission Expires 12/22/2008*

NOTARY PUBLIC



```
                    ALABAMA JUDICIAL DATA CENTER
                            ELMORE COUNTY
                         TRANSCRIPT OF RECORD
                          CONVICTION REPORT
                                              CC 2005 000093.00 01
                                              SIBLEY G. REYNOLDS

| CIRCUIT COURT OF ELMORE COUNTY              | COURT ORI: 029015 J          |
|---------------------------------------------|------------------------------|
| STATE OF ALABAMA      VS.                   | DC NO: GJ 2003 000500.00     |
| ADAMS JAMES           ALIAS:                | G J:   245                   |
| AIS# 108239B          ALIAS:                | SSN:   424780223             |
| EASTERLING CORRECTIONAL                     | SID:   000000000             |
| CLIO   AL   36017                           | AIS:   108239B               |
| DOB: 09/10/1956   SEX: M   HT: 5 08   WT: 160   HAIR: BLK   EYE: BRO       |
| RACE: ( )W (X)B ( )O   COMPLEXION: ____   AGE: ____   FEATURES: ____       |
| DATE OFFENSE: 00/00/0000   ARREST DATE: 00/00/0000   ARREST ORI: 0290100   |

CHARGES @ CONV      CITES            CT CL  COURT ACTION       CA DATE
POSS FORGED INSTR   13A-009-006      01 C   GUILTY PLEA        04/28/2005
                                     00                        00/00/0000
                                     00                        00/00/0000

JUDGE: SIBLEY G. REYNOLDS           PROSECUTOR: PARTRIDGE SAMUEL SCOTT

PROBATION APPLIED   GRANTED   DATE       REARRESTED DATE    REVOKED   DATE
(X)Y( )N   04282005   ( )Y( )N _____ - ( )Y( )N _____ ( )Y( )N _____

15-18-8, CODE OF ALA 1975    IMPOSED      SUSPENDED      TOTAL      JAIL CREDIT
 (X)Y ( )N   CONFINEMENT:    00 24 000    08 00 000    08 24 000    00 00 000
             PROBATION   :   00 24 000                 00 24 000
DATE SENTENCED: 04/28/2005   SENTENCE BEGINS: 04/28/2005

PROVISIONS              COSTS/RESTITUTION        DUE           ORDERED

 PENITENTIARY           RESTITUTION           $525.00          $525.00
 CONCURR SENT           ATTORNEY FEE          $750.00          $750.00
 SPLIT SENTENC          CRIME VICTIMS         $100.00          $100.00
 DOC/SAPP PGM           COST                  $247.00          $247.00
                        FINE                    $0.00            $0.00
                        MUNICIPAL FEES          $0.00            $0.00
                        DRUG FEES               $0.00            $0.00
                        ADDTL DEFENDANT         $0.00            $0.00
                        DA FEES                 $0.00            $0.00
                        COLLECTION ACCT         $0.00            $0.00
                        JAIL FEES               $0.00            $0.00

                        TOTAL                $1622.00         $1622.00

APPEAL DATE       SUSPENDED          AFFIRMED              REARREST
( )Y( )N _____   ( )Y( )N _____   ( )Y( )N _____          ( )Y( )N _____

REMARKS:                         THIS IS TO CERTIFY THAT THE
                                 ABOVE INFORMATION WAS EXTRACTED
                                 FROM OFFICIAL COURT RECORDS
                                 AND IS TRUE AND CORRECT.
SPLIT SENTENCE-SENTENCED TO SERVE 10 YRS DOC.  SENTENCE IS SUSPENDED
AND DEFT PLACED ON PROBATION.  HOWEVER, AS A FIRST CONDITION OF PROB.
DEFT IS TO SERVE 24 MONTHS IN DOC.  TO ATTEND SAP WHILE INCARCERATED.
TIME TO RUN CC WITH TIME SERVING ON MONTGOMERY COUNTY CASE.

                                        LARRY DOZIER
                                        04/29/2005

OPERATOR: SUS
PREPARED: 04/29/2005
```

| DATE | JUDGE'S INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|

### Sentence Suspended

_____ The defendant's sentence is suspended, and the defendant is placed on
☐ court supervised probation for a period of _____;
☐ unsupervised probation for a period of _____;
☐ supervised probation for a period of _____;

### Split Sentence

4-28-05 SN    The defendant's sentence is suspended, and the defendant is placed on supervised probation for a period of __24 month__, however, as a first condition of probation the defendant shall serve ☐ a period of __24 month__ in the custody of the Commissioner of the Department of Corrections; ☐ a period of _____ in the custody of the Sheriff of _____ County, Alabama; ☐ a period of _____ in the custody of the Warden of the City of _____, Alabama, Jail. At the end of the defendant's incarceration, he/she shall be transported back to this Court for the imposition of further terms and conditions of probation.

SN Court grants defendant right to have work release SN

Before being delivered into the custody of the Commissioner of the Department of Corrections the defendant shall be transported to the Substance Abuse Unit at Bryce State Hospital for treatment. When the defendant has received the maximum benefit of his treatment, he/she shall be delivered into the custody of the Commissioner of the Department of Corrections to serve the period of his/her incarceration.

### Split Sentence -- Boot Camp

_____ The defendant's sentence is suspended, and he is placed on supervised probation for a period of _____; however, as the first condition of his probation, the defendant shall serve up to 180 days in the custody of the Commissioner of the Department of Corrections and he shall successfully complete the Disciplinary, Rehabilitation Program. If the defendant successfully completes the program, he shall be returned to this Court for the imposition of further terms and conditions of probation. If the defendant does not successfully complete the program, he shall remain in the custody of the Commissioner of the Department of Corrections for a period of _____.

### Split Sentence -- Substance Abuse Treatment Only

_____ The defendant's sentence is suspended, and the defendant is placed on supervised probation for a period of _____. As a first condition of the probation the defendant shall be transferred to the Substance Abuse Unit at Bryce Hospital for treatment. When the defendant has received the maximum benefit of his/her treatment, the defendant shall be returned to this Court for the imposition of further terms and conditions of probation.

### Reverse Split Sentence

_____ The defendant's sentence is suspended, and the defendant is placed on supervised probation for a period of _____; however, as a first condition of probation the defendant shall serve ☐ a period of _____ in the custody of the Commissioner of the Department of Corrections; ☐ a period of _____ in the custody of the Sheriff of _____ County, Alabama; ☐ a period of _____ in the custody of the Warden of the City of _____, Alabama, Jail. The period of the defendant's incarceration is postponed for a period of _____ months/years. On _____ (date) the defendant shall appear before this Court and show cause, if any he/she has, why the period of incarceration should be postponed indefinitely.

Exhibit # 2

ALABAMA DEPARTMENT OF CORRECTIONS - PROGRESS REVIEW FORM - FEBRUARY 23, 2006
================================(COU122)================================
AIS #: 00108239B    SSN: 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    RACE/SEX: B/M    DATE OF BIRTH: 09/10/1956
NAME: ADAMS, JAMES                      CUSTODY: MED5   SECURITY LEVEL: 4
INST: EASTERLING CORRECTIONAL CENT      TIME SRVD: 02Y08M14  LAST DISC: 07 22 2004
CRME: CRIM POSS FORGED INSTR II         MIN REL DT: 06/10/2008  ACTIVE DET: 0
DISC: VIOLATION OF INSTIT. RULES OR     PRL CONS: 00/00/0000  EDUCAT LEV: 11
WL/PGM: Inst. Assign                    PRIM OCCUP: LABORER - RANCH, FARM HAND - L

RECOMMENDED INSTITUTION: Staton for Family Ties   RECOMMENDED CUSTODY: MEDIUM

JUSTIFICATION: ANNUAL REVIEW: Repeat, multi-state offender serving a 5 year term for CPFI II x 2, TOPI, TOP III ( subj. stole and cashed victims checks) & CPFI II (source doc. req. most recently on 02/16/06). No sex convictions noted. Extensive criminal record to include 1973/GL, 1976/A&B on Officer (Disp. Unknown), 1977/Burglary & GL x 2, 1978/Unarmed Robbery (FL), 06/26/1982/Escape (FL—final disp. req. most recently on 01/24/06), 1990/Cocaine Poss (Atlanta), 1991/Dist. Cocaine, Robbery (Gun)—Atlanta PD—final disp. req. most recently on 0124/06. Substance Abuser w/01/04 8-Week Sap completion @ Elmore, has AA/NA attendance. Recommend no changes in custody due to lack of source documentation, overall criminal record & nature of subj. crimes. Recommend a lateral to Staton for Family Ties.

NKE; CDETS(OK) 2-23-06  APP. S/L: _____

I CERTIFY ENEMY LIST WAS REVIEWED AND UPDATED:

_[signature]_ 02-23-06                          _[signature]_ 23FEB06
CLASSIFICATION SPECIALIST    DATE               WARDEN OR DESIGNEE    DATE

_[signature]_ 2-23-06                            _[signature]_ 2/23/06
PSYCHOLOGIST/PSYCHOLOGIST'S ASSOC.  DATE        CLASSIFICATION COORDINATOR  DATE

CENTRAL REVIEW BOARD ACTION

X APPROVED ___ DENIED; DIVERTED TO: _____   REASONS: _[signature]_    3/1/06
Lateral Move.                                CRB MEMBER              DATE

___ APPROVED ___ DENIED; DIVERTED TO: _____  REASONS: _____
                                             CRB MEMBER              DATE

___ APPROVED ___ DENIED; DIVERTED TO: _____  REASONS: _____
                                             CRB MEMBER              DATE

FINAL DECISION: INST Staton  CUSTODY Med  DATE 3/1/06

DATE INMATE INFORMED: _____  INMATE'S SIGNATURE: X James Adams 108239
LAST ACTION: 2/05 PR  REL: Church of Christ  DNA 2/7/05 @ RCF  SKILLS: Poultry Worker

Psychmeds: NO
Diabetic: NO

**DIANE M. MATOUSEK**
CLERK OF THE CIRCUIT COURT
SEVENTH JUDICIAL CIRCUIT – VOLUSIA COUNTY, FLORIDA



Exhibit
#4

PLEASE REPLY TO:
Felony Division
P.O. Box 6043
DeLand, FL 32721-6043

May 26, 2006

JUN 07 2006

**RE: Record Search**
  Name:  James Adams
  D.O.B.:  09/10/56

To Whom It May Concern:

Please be advised that a search of the misdemeanor and felony records of Volusia County, Florida, for the years of 1982 to 1982, discloses no cases against the above mentioned individual.

If our office can be of any further assistance, please do not hesitate to contact us at the above address.

Sincerely,

DIANE M. MATOUSEK
Clerk of the Circuit Court

By: _Teresa R. Daugharty_
Teresa R. Daugharty
Deputy Clerk

C: General Correspondence
CL-0579-0503